UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK FRANCABANDIERO and
KIMBERLY FRANCABANDIERO,                              **ORDER**

      Plaintiffs,     22-cv-00641(JJM)

v.

NATIONAL GENERAL INSURANCE
COMPANY,
       Defendant.

    During this morning's teleconference to set a briefing schedule concerning

defendant's motion for dismissal [13],[1] plaintiffs' attorney Nicholas DeMarco stated that he is

contemplating a cross-motion to disqualify defendant's law firm because one of its members,

Scott Storm, may be called as a witness in this case. While I cannot prejudge a cross-motion

which has yet to be filed, I urge Mr. DeMarco to carefully consider whether such a motion would

satisfy the requirements of Rule 11.

    "Because the courts must guard against tactical use of motions to disqualify

counsel, they are subject to fairly strict scrutiny, particularly motions based on the witness-

advocate rule." John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 420

(S.D.N.Y. 2015). "[W]here only the moving party intends to call the adversary's attorney as a

witness, the movant must demonstrate both that the lawyer's testimony is necessary and that

there exists a substantial likelihood that the testimony would be prejudicial to the witness-

advocate's client." Id.

---

[1]  Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF
pagination.

By letter dated May 10, 2022, Mr. Storm advised Mr. DeMarco to disregard prior statements indicating that the statute of limitations expires in 2023, and to refer instead to the two year "contractual suit limitation condition which is not waived and remains enforceable". [13-28] at 4. It appears undisputed that Mr. DeMarco signed an acknowledgment of receipt of that letter on May 12, 2022 (id. at 7), prior to expiration of the contractual statute of limitations. Therefore, it is unclear why Mr. Storm's testimony would be either necessary or prejudicial to his clients.

For the same reason, it is unclear how Mr. DeMarco could have reasonably relied on defendant's earlier misstatements as to the statute of limitations deadline. *See* Roumi v. Guardian Life Insurance Co. of America, 191 A.D.3d 911, 913 (2d Dept. 2021) ("plaintiff . . . may not claim to have reasonably relied on a defendant's representations or silence where he or she has means available to him or her of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation").

Moreover, it appears that plaintiffs will face an uphill battle in defeating defendant's motion, given Mr. DeMarco's admission today that he could have commenced the action in state court prior to the expiration of the contractual statute of limitations by filing a summons with notice. *See* N.Y.C.P.L.R. §304(a). Nevertheless, I will keep an open mind pending further briefing. As agreed by the parties, the following schedule will apply:

--    By January 13, 2023 plaintiffs shall file their response to defendant's motion to dismiss [13] and any cross-motion.  Plaintiffs' combined Memorandum of Law may exceed 25 pages;

--      By February 13, 2023 defendant shall file its reply, if any, in further support of its motion to dismiss [13] and response to any cross-motion. If plaintiffs file a cross-motion, their reply, if any, in further support of that motion shall be filed by February 22, 2023; and

--      Oral argument of defendant's motion to dismiss and plaintiffs' cross-motion (if any) is scheduled for March 1, 2023 at 2:00 p.m.

**SO ORDERED**.

Dated: November 23, 2022

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge